ROBERTSON, STATE REVENUE AGENT *v.* GREENWOOD LUMBER. CO.

[79 South. 820, Division B.]

1. ACTION. *Joinder.*    *Claims of state and of municipalities. State revenue agent.*

   Under Code 1906, sections 4738, 4739, 4740, 4743 (Hemingway's Code, sections 7056-7058-7061), giving the state revenue agent the right to bring suit in his own name for any moneys, taxes, or other obligations due to the state, or any county, municipal-

118 Miss.—49

ity or levee board, interested, he may in one suit declare under separate counts in his declaration, against the same defendant for obligations due by defendant to (1) the state for privilege tax, due (2) a levee district for damages for failure to procure a privilege license, and (3) a city for privilege taxes due.

2. SAME.

In such case, separate pleas could be filed to. the separate counts, and separate verdicts could be rendered, and the court could control the whole matter by instructions to the jury, so that the right might be enforced without undue delay, and without unnecessary protracting litigation.

3. LICENSE. *Privilege tax. Parties liable. Purchase of business.*

Under the Code of 1906, section 3837, 3900, 3901, 3906 '(Hemingway's Code, sections 6542, 6629, 6630, 6636), the state revenue agent has no right to collect from a defendant lumber company privilege taxes on a lumber business which was conducted by another company, prior to the purchase of the business by defendant, since section 3905, Code of 1906, does not impose a lien upon property prior to seizure by the tax collector, and such privilege tax being a personal liability against the person conducting the business at the time.

APPEAL from the circuit court of LeFlore county. HON. H. H. ELMORE, Judge.

Suit by Stokes V. Robertson, State Revenue Agent, against the Greenwood Lumber Company. Cause dismissed, and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Monroe McClurg,* for appellant.

Counsel for the Greenwood Lumber Company note that while the privilege payable to the state is levied by statute, that payable to the levee board and city must be levied by these corporations, and that no copy of the orders or ordinances are exhibited with the declaration showing that these levies had been made. The declaration alleges that those levies were made ''by the proper, lawful authorities,'' and whether true or not, is a question of fact for proof and not a ground of demurrer.

The same counsel argues that the declaration is not specific enough in stating the purchase of the Alexander Lumber Company's plant and business by the Greenwood Lumber Company, and, that it is not alleged in the declaration that the former company is insolvent; that it should be sued for the tax. Certainly the question of the solvency of the Alexander Lumber Company has nothing to do with its or the appellees' liability for the tax. The theory of the declaration on that point is, that it is the "business" that must pay the tax, and that that identical "business," having been transferred by the former to the latter company, the transfer carried the liability, regardless of the personal liability of the Alexander Lumber Company therefor after selling out while the tax was in default.

At all events, it is submitted that counsel's propositions do not sustain the demurrer.

Counsel for the F. Goodman Dry Goods Company rely upon the Alabama case of *State* v. *Alder,* 26 So. 502. In the opinion in that case, copied at length in counsel's brief, the distinction between the procedure in that state and in this state is made perfectly clear in that the Alabama statute expressly required that suits for such taxes due the state should be brought in the name of the state, and for such taxes due the county, the suit be brought in the name of the county. Hence, the misjoinder in that case. There are no such requirements in our statutes on this subject.

Counsel insists upon the three distinct entities, state, levee board, and municipality. True, in one sense, but not so in the instant matter. Here we have those supposed entities in the same single transaction. The answer for each is simply, "yes" or "no," I paid it, or I did not. There are no entities in the revenue agent—he possesses the single power and must sue in his own name.

The cases cited by counsel, to the effect that the plaintiff could not recover in the same action against

one who is trustee and others differently defending; or against a guardian who is at the same time an administrator; etc., are not in point here as each case is disclosed by counsel's brief. And, replying to counsel's criticism of the inconsistency in the original brief for appellant, to the effect that it is stated therein that by demurrer is the proper pleading to a misjoinder, and then arguing that that is not the proper way to raise the question, it may be said. that the real argument may be awkwardly stated, yet it makes reasonably clear that in cases like those cited by counsel, where the declaration makes it plain that there is no misjoinder, whether it be in one count or more. But, if there be one good count and others faulty, the good count overrules the demurrer. Whether the instant case could have been stated in one count as well as in three, is of little consequence as to whether there is a misjoinder or not, because if the declaration had stated a good cause for the state, and erred in stating such case for levee or city, or both, a demurrer going only to the capacity of the plaintiff to sue would be bad, for there was a goood cause of action alleged.

*Gardner, McBee, & Gardner* and *Lomax & Tyson,* for appellee.

As to the demurrer being the proper plea to file in this case, counsel in the beginning of his brief says as follows: "If there has been a misjoinder or non-joinder of parties on the face of the pleadings, by demurrer is the usual way to raise the objection."

Now the declaration shows on its face as follows: There is one count for the state tax designated in the declaration as follows: (1) State tax. There is another—(2) Levee Tax: There is another—(3) Municipal tax. If there does not appear on the declaration three separate and distinct causes of action by three

separate and distinct plaintiffs, then I do not know how to read a declaration.

That is the very crux of this case. After making the above admission counsel then devotes an entire page, and nearly another to trying to attempt to show to the court that this is a case where sections 505 and 506 of Hemingway's Code would apply. These sections have absolutely no application to the case at bar, as the misjoinder appears on the face of the declaration.

As to counsel's argument and authorities that if one count in the declaration is faulty and another good, then a demurrer does not lie, we do not deny this, but this is not the condition of the case at bar, this being a case where three separate and distinct political entities, being just the same as three seperate and distinct persons, claim that one party owes them a debt and counsel is trying to embrace their three separate and distinct claims in one cause of action, why we do not know.

Certainly if A. had executed his certain promissory note to D. for two hundred and fifty dollars and A. had executed his promissory note to C. for two hundred and fifty dollars and A. had executed his promissory note to B. for two hundred and fifty dollars, though all of said notes were dated the same day and due at the same time, certainly B., C. and D. could not sue A. in one suit and all join in one declaration. That is absolutely the case at bar. The above example of the case at bar is so self-evident that it is useless to cite any authorities to sustain it. To do so would be a reflection upon the learning and intelligence of the court.

Now as to these "three items, like the Siamese twins, so closely connected and interdependent one upon another, that separation produces the instantaneous death of all," this is the only authority counsel has cited that at all appertains to the case, and, unfortunately, I could not examine that one. Let us see, if they are, or have been joined together, except by counsel.

In the first place, the state privilege tax is levied by the legislature, or rather is a law because of the act of the legislature. Whenever the act is passed and put into effect the license tax so levied has to be paid by parties engaging in the business so prescribed to pay a tax.

## LEVEE TAX.

The Act of 1902 gives to the levee board the right to levy privilege taxes on all occupations and persons upon which the state has levied, but before this becomes a law, the proper authorities which is the levee board, must, by resolution or ordinance duly passed, levy said taxes. If they do not do this, then they have no right to collect any taxes whatsoever, Counsel has no copy of the order or ordinance attached to his declarations, and therefore, we do not know from his declaration whether the same has ever been done, unless the following in it would be sufficient to cover the same: "became indebted to and liable to pay the Yazoo-Mississippi Levee District of said state a privilege tax of one hundred dollars for each of said years lawfully assessed and levied by the proper lawful authorities of said state and levee district."

## MUNICIPAL TAXES.

They have to be levied in the same way—that is to say, by an ordinance duly enacted by the Mayor and Board of Aldermen, or by the City Council. Until this is done, the city has absolutely no right to collect the same. Counsel says in his declaration levied and assessed by the proper authorities of said state and municipality: "Now unless the authorities in each have done this, then they have no right to collect same, and we respectfully submit that the three rights are separate and distinct rights exercised by three separate and distinct entities. It is true the legislature confers the power to so do, but different authorities enforce this power."

Certainly the state, municipality and levee board could not, of their own volition, join together and bring one suit for their several claims against the appellant; then why should the revenue agent have a greater authority than his principals have?

Now let us see how this trial would be conducted. Appellant would of course have to prove the case for the state taxes; then it is possible that during some of these years the levee board might not have had any order or resolution providing for a tax, but did have such an order for some of the years. He would have to make out a separate case of it, introducing an entirely different line of proof and would have to take the same course with the municipality, thereby making one trial answer for the three separate and distinct trials, with a lot of the evidence pertinent to one cause of action not pertinent to another cause. In other words the same proof on one count could not be used in proving the other count, because they are so dissimilar. His instructions would have to be drawn out on the same line, and his verdict would have to be three separate and distinct verdicts.

Now, as to the attempt of appellant to collect from the Greenwood Lumber Company the taxes due by the Alexander Lumber Company for the years 1911-1912-1913 and 1914. Appellant shows that the Alexander Lumber Company is a corporation domiciled at Greenville, Mississippi. Nowhere does he charge in his declaration that said Alexander Lumber Company is insolvent or not an existing active corporation, and could not be made to respond for such an amount as might be due by it for unpaid taxes. We call the court's attention especially to p. 5, of plaintiff's declarations. He has a right of action against the Alexander Lumber Company for said taxes, but certainly could not sue appellee for the taxes due by Alexander Lumber Company simply because the Greenwood Lumber Company a domestic corporation, as averred by

plaintiff in his declaration, happens to be doing business in the same place, and doing the same kind of business that the Alexander Lumber Company was doing. He nowhere charges in said declaration that the Greenwood Lumber Company bought out the Alexander Lumber Company or acquired any of the assets of the Alexander Lumber Company. It is true he says that the same identical business was transferred by said Alexander Lumber Company to the Greenwood Lumber Company; but he does not say that any stock of merchandise or lumber or assets of said Alexander Lumber Company was transferred to the Greenwood Lumber Company. Our demurrer to the declaration raises the point that the Alexander Lumber Company should have been a party to the declaration if he was trying to hold us responsible for its debts, and we think that because that point was raised, the court has the right to pass on whether or not we are liable for the back taxes due by said Alexander Lumber Company.

Now as to the point raised in counsel's brief as to whether or not the failure to pay sufficient tax was same as not paying any tax, the court cannot pass on that proposition, because it is not before the court, except as raised in counsel's brief, His declaration does not state that we have paid some taxes, but sues us for all taxes for the several years.

Counsel says: "That he did pay the amount required for the state, city, and levee privileges on a smaller stock of merchandise presumably what he thought was sufficient." But the revenue agent stoutly denies that, and upon the authority of *Pollard* v. *Insurance Co.,* he ignores the part paid, and sues as if he paid nothing. In his declaration he sues for it all and does not give us credit for anything.

It might not be amiss to say that this is simply another one of the drag net cases brought by the revenue agent without any knowledge of either himself or his agents, whether or not, in fact we handle more lumber

than we were entitled to handle under the privilege taxes paid by us. Of course, the court cannot pass on this question, as it is not raised by the pleadings.

Now, in conclusion, we say that we stand absolutely on this proposition: ''That the declaration embraces three separate and distinct causes of action by three separate and distinct political entities, being the same as three separate and distinct parties, and said taxes were levied by said three separate and distinct actions of three separate and unconnected authorities, to wit: The legislature, the board of levee commissioners, and the board of aldermen of the city of Greenwood. The latter did not have to levy this tax unless they deemed the same necessary.

We respectfully contend that this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The state revenue agent filed suit in the circuit court against the Greenwood Lumber Company under three separate counts; the first count declaring for the privilege tax of one hundred dollars per year for the years beginning the 1st day of May, 1915, and the 1st day of May, 1916, due to the state for the privilege of carrying on a business of lumber yard and dealer in lumber. It also declared for damages for failure to pay the privilege tax as required by law. The second count of the declaration was for levee taxes for the same period of time against the same defendant due the Yazoo and Mississippi levee district, and for damages of ten per cent. for failure to procure the levee district privilege license. The third count of the declaration declared against the defendant for privilege taxes due the city of Greenwood for the same period of time, it being declared that the privilege tax of the city was levied and assessed upon the same business by the proper and lawful authorities of the municipality, being a tax for the

sum of fifty dollars for each of said years, and for damages for failure to procure such license. It was further alleged that during the years beginning the 1st day of May, 1911, and each consecutive current year beginning on the 1st day of May thereafter to the 1st day of May, 1915, the lumber yard business conducted and carried on in the city of Greenwood, Leflore county, Miss., by this present defendant, was conducted and carried on by the Alexander Lumber Company, a domestic corporation of the state, domiciled at Greenville, Miss., and that the business conducted and carried on was the same during all these years, but was merely transferred by the Alexander Lumber Company to the Greenwood Lumber Company on the —— day of ——, 1914, and that during each of the years from May 1, 1911, to May 1, 1915, the annual sales of lumber exceeded one-half million feet while the Alexander Lumber Company was conducting and carrying on such business, and that the privilege taxes for each of said years were lawfully levied for the state, one hundred dollars per annum, and that the business became indebted to the state for said taxes and annually during said years, and that it was the duty of the business so carried on to pay said taxes and to procure from the state a licence to carry on said business, and, said lumber company having failed and defaulted in payments at or before its transfer to the Greenwood Lumber Company in the year 1914, that the said lumber business became and was liable and it was and became the duty of the Greenwood Lumber Company to pay the taxes for the years 1911 to 1914 above set forth, but that neither of said companies paid said taxes or procured said licenses but wholly defaulted therein, and by reason thereof said business became liable to the state for double the amount of said taxes for each of said years, and judgment was demanded of the Greenwood Lumber Company for that amount, and a like count was declared on the levee district for said years 1911 and 1915, and also a like count

for the municipality of Greenwood for said years for privilege taxes of fifty dollars for taxes and damages for each of said years. The Alexander Lumber Company was not made a party defendant in said declaration.

The defendant demurred to this declaration: First, because there was a misjoinder of several separate and distinct causes of action. Second, that plaintiff sued in its own name. Third, that the tax collector of Leflore county was not joined as a party to the suit, and that the amended declaration embraced separate and distinct causes of action which were not embraced in the original declaration, and that the amended declaration seeking to recover privilege taxes, damages, and penalties alleged to have been due for the years 1911 to 1914, inclusive, during which time the Alexander Lumber Company was operating as owner and the business of which was alleged to have been transferred to the Greenwood Lumber Company, was because these two counts each embraced separate and distinct causes of action not embraced in the original declaration; second, because the Greenwood Lumber Company could not be held liable for any privilege tax, damages, or penalties which became due for any period or for any time prior to the time when said business was transferred to the Greenwood Lumber Company by the Alexander Lumber Company, and because the Alexander Lumber Company is not joined as defendant.

The court below sustained the demurrer, allowed plaintiff thirty days in which to amend and adjudged that on failure of the plaintiff to amend in thirty days from date of judgment that his declaration would be dismissed, the plaintiff failed to amend his declaration and prosecutes this appeal from the dismissal of said cause.

The first question presented by the demurrer is whether or not the state revenue agent could bring these suits on behalf of the state of Mississippi, and the Yazoo and Mississippi levee district, and the city of

Greenwood in one suit, or whether there would have to be separate suits filed against the defendant for each, the state of Mississippi, the Yazoo and Mississippi levee district, and the city of Greenwood.

Section 4743, Code of 1906, section 7061, Hemingway's Code, provides that the suits by the state revenue agent shall be in his own name for the use of the state, county, municipality, or levee board interested, and he shall not be liable for costs, and may appeal without bond, and that such suits may be tried at the return term and shall take precedence of other suits.

Under section 4738, Code of 1906, section 7056, Hemingway's Code, the state revenue agent is given the power, and it is made his duty, to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies, and associations of persons for all past-due and unpaid taxes of any kind whatever, or all penalties or forfeitures for all past-due obligations and indebtedness of any character whatever owing to the state, or any county, municipality, or levee board, and for damages growing out of the violation of any contract with the state, or any county, municipality, or levee board, etc.

Section 4739, Code of 1906, section 7057, Hemingway's Code, makes it the duty of the revenue agent to investigate the accounts, vouchers and books of all fiscal officers of the state, and of every county, municipality, and levee board, and to sue for and collect and pay over all money improperly withheld from either, and he has the power to sue and right of action against all such officers and their sureties, etc.

Section 4740, Code of 1906, section 7058, Hemingway-way's Code, provides that the revenue agent may cause additional assessments to be made on property escaping taxation.

Taking all these sections together, and considering the whole scope of the legislation bearing on the office, power, and duties of the state revenue agent, we think

it was the purpose of the legislature to give the state revenue agent the power to bring suit in his own name for any moneys, taxes, or other obligations due to the state, any county, municipality, or levee board interested, and that it was not necessary for him to bring suit in the name of the state, or the municipality, or the levee district; and we see no reason why he could not declare against the same defendant in separate counts of the declaration for obligations due by the defendant to each. Separate pleas could be filed to the separate counts, and separate verdicts could be rendered, and the court could control the whole matter by instructions to the jury so that the rights might be enforced without undue delay and without unnecessarily protracting litigation. We think, therefore, that the court below erred in sustaining the demurrer to the declaration as to this feature of the declaration.

As to that part of the declaration that seeks to recover against the defendant for privilege taxes for the period from 1911 to the 1st of May, 1915, when the defendant bought the business from the Alexander Lumber Company, we hold that the plaintiff had no cause of action against the Greenwood Lumber Company for such privilege taxes for said years 1911, 1912, 1913, and 1914.

Section 3900, Code of 1906, section 6629, Hemingway's Code, requires the tax collector to keep a privilege tax register in which the names of all privilege taxpayers should be recorded showing the amounts, etc., paid for.

Section 3901, Code of 1906, section 6630, Hemingway's Code, provides that the persons or corporations liable for privilege taxes who shall fail to procure a license during the month in which it is due shall be liable for double the amount of the tax, and it is made the duty of the tax collector to collect the amount, issue a seperate license therefor, and to indorse across its face the words "collected as damages."

Section 3837, Code of 1906, section 6542, Heming-
way's Code, imposed privilege tax in the following
language:

"On each lumber yard or dealer whose annual sale
exceeds one-half million feet of lumber— one. hundred
dollars," etc.

Section 3906, Code of 1906, section 6636, Heming-
way's Code, provides the license herein provided shall
be a personal privilege enjoyable only by the person
to whom it was issued, and it shall not be transferable,
and such license shall not exempt from taxation any
property used in the business except as specifically
provided for in this chapter.

The privilege license is the license due by the person
conducting the business of lumber yard or dealer and
is measured by the amount of business done. The ex-
press, language of section 3901 above referred to is that
all persons or corporations liable for privilege taxes
who shall fail to procure the license, etc. It is clear that
from the provisions of the privilege tax laws that the
legislature was imposing a license on persons or corpor-
ations conducting the business. It is difficult to see how a
lumber yard could be proceeded against by a suit. In
other words, the revenue agent could not sue a lumber
yard as such, but he would have to sue the persons or
corporations who were pursuing the business which was
taxed. The revenue agent could proceed against the
corporation doing the business in 1911 if such cor-
poration had not paid its license; but the statute does
not impose liability in terms upon the purchaser of such
business, nor does it make the privilege tax a lien up-
on the property before the property is seized by the
tax collector.

Section 3905 of the Code provides a method of
seizing the property by distress by the tax collector, but
it does not impose any lien upon the property prior
to seizure. This section further expresses the idea of

personal liability against the person conducting the business in the following language:

"Any one failing to pay the privileges by this act imposed, and to obtain license as herein required, but pursuing the business taxed without such license, may be proceeded against by suit."

The revenue agent therefore had no right to collect from the Greenwood Lumber Company privilege taxes for the business conducted by the Alexander Lumber Company prior to the purchase of the property by the Greenwood Lumber Company.

*Reversed and remanded.*