ROBERTSON, STATE REVENUE AGENT, *v.* GREENWOOD LUMBER CO.

[90 South. 487.   No. 21903.]

1. PLEADING. *Affidavit of meritorious defense held sufficient to authorize filing defendant's pleas after demurrer overruled.*

   In a suit by the state revenue agent to recover privilege taxes, where defendant's demurrer to plaintiff's declaration is overruled, an affidavit that defendant has a meritorious defense, and averring that all privilege taxes due for the years covered by the suit have been paid, sufficiently complies with section 755, Code 1906 (Hemingway's Code, section 538), to authorize the filing of defendant's pleas.

2. DISCOVERY. *In an action for privilege tax, held, that an application for inspection of defendant's books, should be granted.*

   In a suit by the state revenue agent to recover taxes alleged to be due for the privilege of carrying on the business of a lumber yard and dealer in lumber, where the amount of the tax due is based upon the amount of the annual sales of lumber, and the declaration charges that the annual sales exceeded one-half million feet, a sworn application, under section 1003, Code 1906 (section 723, Hemingway's Code), for an inspection of the books, papers, and documents of the

defendant; should be granted where the application sought such inspection in the presence of and under the control of the court, and set forth the basis upon which the charge had been made that the annual sales exceeded one-half million feet, and alleged that the books, papers, and documents in the possession of or under the control of the defendant contained evidence relating to the merits of the action and the defense interposed by the defendant.

3. EVIDENCE. *In an action to recover privilege tax based on annual sales, waybills are admissible where cars are shown delivered.*

In a suit by the state revenue agent to recover taxes due for the privilege of carrying on the business of a lumber yard and dealer in lumber, the amount of the tax due being based upon the amount of the annual sales of lumber, a railroad company's waybills purporting to cover cars of lumber consigned to the defendant, and showing the contents and weight of the cars, are admissible in evidence if each car covered by the way bill offered in evidence is shown to have been actually delivered to the defendant.

APPEAL from circuit court of Deflore county.

HON. S. F. DAVIS, Judge.

Suit by Stokes V. Robertson, State Revenue Agent, against the Greenwood Lumber Company, to recover taxes due the state. Judgment for defendant, and plaintiff appeals. Reversed and remanded. See also, 118 Miss. 769, 79 So. 820.

*Monroe McClurg,* for appellant.

After the demurrer of the defendant to the plaintiff's amended declaration against it on three counts, one to recover the delinquent taxes alleged to be due the state, one for the taxes due the levee board and the third for the taxes due the City of Greenwood, had been sustained by the lower court at a former term, and on the plaintiff's appeal reversed and demurrer overruled by this court, 118 Miss. 769, the defendant filed several pleas to the amended declaration without leave of the court and without affidavit of a meritorious defense. On motion of the plaintiff to strike these pleas from the file, the pleas were stricken, but the defendant, by leave of the court, made an affi-

davit, purporting only to show good grounds, and the court allowed the pleas filed over the objection of the plaintiff because the affidavit was insufficient in law. Upon that ruling of the court the first and second assignments of error are predicated. The pleas are on pages 21 and 22 of the transcript and the motion on page 26 and the affidavit of meritorious defense on pages 29, 30 and 31.

The statute requires that the defendant's right to plead over after demurrer sustained, as against the right of course to the plaintiff to have judgment, depends upon the filing of an affidavit by the defendant embodying two essential things; one that he has good and substantial defense, which is but the opinion of the defendant; the other, that he must set forth fully in his affidavit the nature of his defense that the court may judge as a matter of law whether the pleas ought to be admitted. Hemingway's Code section 538. The requirement is mandatory. *Feazell* v. *Stolyfus,* 98 Miss. 886. This court held in *Development Co.* v. *Fire Ins. Co.,* 105 Miss. 184 (210-211) that where the general issue was filed and under it notice given of special matter setting up facts which constitute a good and substantial defense to the suit, was sufficient. But nothing akin to that proposition is found in the affidavit here. It makes no reference to the pleas it merely repeats the general issue; it sets up only the opinion of the defendant through Mr. Webb, the manager, that he had paid all taxes required of the defendant.

While the affidavit refers to the records in the sheriff and tax collector's office to show that he had paid the taxes, the same records are exhibited with the declaration to show that it had not paid enough, and the affiant refers to those exhibits as showing only that he paid said taxes, but the affidavit was at fault in not even mentioning the charge that it sold over a half million feet of lumber. There was but one issue on the question of the payment of the taxes and that was whether or not the defendant had in fact paid what the law required of it. The affidavit further says that "the plaintiff is trying to re-

cover as if the defendant had paid no taxes whatever.". That is true; and it is as certainly true that the affidavit sets up no defense to the plaintiff's demand. The payment of an insufficient tax is equivalent to the payment of none at all. *Pollard* v. *Phoenix,* 63 Miss. 244. He does not even show by his affidavit that his company ever received a license to exercise the privilege of selling lumber.

The amended declaration not only exhibited a statement showing what the defendant had paid, but it charges that defendant was doing the business of operating a lumber yard at which his annual sales during the years mentioned exceeded one-half million feet, and that the annual tax was one hundred dollars to each the state and levee board, and fifty dollars to the City of Greenwood. Section 6542, Hemingway's Code, in the language of the statute it alleges that it was the duty of the defendant to pay the tax and procure the license to carry on the business, as required by the statute and that he could do it no other way. Hemingway's Code, section 6630-6637; that the defendant did not do that. So, the real issue as tendered by the declaration was, whether the defendant's sales exceeded one-half million feet, and that is not contradicted, explained or in any wise mentioned by any defense set out in the affidavit; the affidavit falls so far short of that requirement to fully set forth the facts of defense as to make no mention of this controlling fact. It is respectfully submitted that plaintiff's motion for judgment on overruled demurrer should have been sustained, and that the court erred in not sustaining the motion, but overruling it and allowing the defendant to plead upon an insufficient affidavit.

The third, fourth and fifth assignment of error considered together applications for production of books. In order to give the defendant timely notice that a motion would be made at the next term of the court for the production of its books, documents and papers, or an inspection and copy thereof, plaintiff gave him such notice on the 28th of April, several days before the term. P. 23. The

notice called for an inspection and copy, or permission to take copy, of any books papers and documents in the possession or under the control of the defendant containing evidence relating to the merits of the action or proceeding or of the defense thereto, involved in this cause. And for reason stated, that the defendant was in possession or had control of the only inventories, books, papers and documents, showing the amount, or the approximate amount of the largest stock of merchandise carried at any time during the several years mentioned in the declaration, and that the plaintiff had 'no full knowledge of other means of producing said evidence, and that the ends of justice demanded the production of said books, p. 23, Hemingway's Code, section 723.

Defendant replied to the applications for the production of the books, setting up twelve reasons for denying plaintiff's right to the rule for the reason that to do so would tend to incriminate the defendant, the statute did not apply to a case like this, that it would be an unlawful invasion of defendant's rights. The unconstitutionality of the statute and other causes are considered to call for no argument, nor any of the grounds save the privileged one found in the sum total of them all that it would be an invasion of its rights. The objections are based upon the decision in *Assurance Society* v. *Clark,* 80 Miss. 471 (483), which case fell down because of the uncertainties in the allegations of the bill, and the facts in which case, nor the authorities, and the strong argument of Judge Edward Mayes in that case, do not square with the facts and reasons in the instant case.

After filing of the defendant's objections and before that matter came on to be heard by the court, the plaintiff asked leave of the court to amend his application, under oath, giving additional and specific reasons therefor, so as to require the defendant to produce only its records of sales of lumber during the years from May 1, 1915 to May 1, 1917, respectively, for the causes shown in the original and the amended motion, p. 32.

It is respectfully submitted that the causes given in the amended motions were good and sufficient and that the court erred in overruling them. 18 Corpus Juris, p. 1124, par. 126 to 137, inclusive.

The chief reason why the defendant in this case should be compelled to produce the books, arises from the nature of the case. It was the law-imposed duty of the defendant in the first instance to pay the tax on affidavit, if required, and procure the license of his own volition. Defendant was wholly without fault or entirely in default; there was no fault at all with the plaintiff. The defendant had but one answer to make to the application, namely that it did not sell one-half million feet of lumber during either of the two years, the rest of it follows in sequence only. Hence, it was in no sense a fishing application for a discovery, which means, "bill" (statutory application) in which plaintiff shows no cause of action, and endeavors to compel defendant to disclose one in plaintiff's favor, 19 Cyc. 1030. That was the death of Mrs. Clark's bill in her suit against the Assurance Co., 80 Miss. *supra.*

It is believed, if the court please, that the following two recent decisions settle the question of the right of the state revenue agent, the representations of the state itself, to have the defendant to produce the evidence particularly called for in his several applications. They are able opinions and amply annotated. *Kitchum Coal Co.* v. *District Court of Utah* (1916), 4 Am. Law Report, 619, bottom p. 631; *Burnett* v. *State et al.,* West (1913), two cases calling for bank books; 47 L. R. A. (N. S.) 1175; opinion at page 1184. The following quotation is taken from part of page 1187, and part of page 1188, beginning at the bottom of first column. See, also, *Consolidated Rendering Co.* v. *Vermont,* 207 U. S. 541, 52 L. Ed. 327, 28 Sup. Ct. Rep. 178, 12 Ann. Cas. 658; *Hemmond Packing Co.* v. *Arkansas,* 212 U. S. 322, 348, 349, 53 L. Ed. 530, 543, 544, 29 Sup. Ct. Rep. 370, 15 Ann. Cas. 645. The sixth assignment; Rulings on the Documentary Evidence Record, pp. 63, 64, 65, 67, 74, 75, 77, 80, 105, to 114.

The crowning error of the trial court, it is respectfully submitted, was in holding, and ruling, that none of the one hundred or more way-bills from a dozen different points in this state and beyond the state, were admissible unless it was proven that they were each made out and signed or written upon, by an agent having authority, and not by any clerk, and then prove all of the different handwriting and pen notations on the bill, including the several agents, names to be genuine and authoritative.

The court takes judicial notice of facts upon one or the other of two grounds; either because the law makes it a special duty of the court to know them; or else for the reason that they are recognized to be of such universal notoriety within the limits of its jurisdiction as to leave no room for any dispute about them. To require technical proof of such facts would be wasting time to no purpose and subjecting suitors to useless trouble and expense. Reynold's Trial—Evidence (Pocket Ed., 1911), p. 95. And one of the facts of such public notoriety is that, the manner in which railroad business is conducted, Ibid, 104. The author cites *Cleveland R. R. Co.* v. *Jenkins,* 174 Ill. 398; s. c., 51 N. E. 811; 66 Ann. St. Rep. 294, and 62 L. R. A. 992.

In *L. & N. R. R. Co.* v. *Daniel* (Ky.), 91 S. W. 691, the court held that a train sheet, which is the dispatcher's record of the arrival and departure of trains along its line, is admissible to show the location of trains. In deciding that case the facts of which are applicable here, but stronger here because there the railroad company was offering its own records in its own defense, while here it is third persons 'that are litigants, and the railroad is wholly disinterested, the Kentucky court said the records are in fine, that as the courts require the best evidence the nature of the case admits of, necessity and circumstantial guaranty of trustworthiness of such entries may render them not only the best, but the only reliable evidence practicable to be obtained to establish a disputed fact. *Louisville Bridge Co.* v. *L. & N. R. R. Co.,* 116 Ky.

258, 75 S. W. 285; *R. R. Co.* v. *Organ Power Co.,* 92 Miss. 781 (784); *White* v. *I. C. R. Co.* (Miss.), 55 So. 593; *Spengler* v. *Williams,* 67 Miss. 1; *Bridges* v. *Jackson,* 86 Miss. 584 (592); *Y. & M. V. R. R. Co.* v. *Peebles,* 106 Miss. 604 (611).

It is respectfully submited that the waybill books and other documents offered in evidence by the plaintiff were the best evidence of the facts proposed to be proven thereby, and were pertinent evidence in support of the plaintiff's contention. Any intelligent man would readily accept them as authentic. We urge that the court made a grievous and reversible error in excluding this evidence.

*C. L. Lomax,* for appellee.

As to the first assignment of error after the demurrer had been overruled, the plaintiff forced the defendant to make an affidavit. The defendant filed the affidavit shown at page 29 together with the plea of general issue and two additional pleas as shown at pages 21 and 22 of the record. The court properly allowed the filing of these pleas as in said pleas appellee alleged that it had paid the privilege taxes required of it. It was not incumbent on the defendant to allege anything further. I know of no better defense to any suit than a plea of payment. There is absolutely nothing in appellant's contention that the plea does not set forth a good defense.

Second: The court very properly denies the application of appellant to inspect the books of appellee. If there ever was a case and an application, that more completely showed that this was a fishing bill or declaration, I have not seen it. It is absolutely on all fours with the following law ,to-wit: "An order for production or inspection will be denied where the application appears to be made solely for fishing purposes, as, for instance to ascertain whether the applicant had a cause of action, 6 Enc. Pl. & Pr., p. 792, par. 3; American State Reports, 41, p.

392. Gloversville, 20 Hun 517; American State Reports, 41, pp. 395-396.

Under the above authorities the court properly denied the request to inspect the books. I know of no reason in law of morals why a revenue agent should be permitted to arbitrarily and in total disregards of the rights of others, bring them into law suits without any data to base the suit upon and then see whether or not he has the right to bring the suit, after putting the defendant to the expense of employing an attorney, by asking for the inspection of the books to see whether or not he has a case.

The appellant attempted to introduce a lot of waybills and bills of ladings which were found among the records at the Southern Depot and at the Y. & M. V. Depot. These were records of cars alleged to have lumber in them that were weighed at Winona by somebody, we don't know whom, and the testimony fails to show there was any lumber in the cars, that these records were correctly kept, that the agent knew the hand-writing of the signers of the bills of lading, or knew anything about it except that he found them at the depot.

Clearly the testimony was incompetent and should have been excluded. It violates every rule of evidence and every rule of law. The agents testified that they did not know what was in the car and did not know whether the Greenwood Lumber Company ever received the lumber or not. If appellee had received the lumber it does not make him liable for privilege tax because the tax is on sales and not on receipts.

COOK, J., delivered the opinion of the court.

The state revenue agent filed suit in the circuit court against the Greenwood Lumber Company, seeking to recover taxes due the state, the levee district, and the city of Greenwood, for the privilege of carrying on the business of a lumber yard and dealer in lumber for the years

beginning May 1, 1915, and May 1, 1916, and from a judgment in favor of defendant, this appeal was prosecuted.

This case has been before this court before, and upon the former appeal the judgment of the lower court sustaining a demurrer to the declaration was reversed (118 Miss. 769, 79 So. 820), and upon the remand of the cause defendant filed its pleas without leave of the court granted upon proper affidavit showing a good and substantial defense. Appellant filed a motion to strike these pleas for the reason that the affidavit required by section 755, Code of 1906 (section 538, Hemingway's Code), had not been filed, and thereupon defendant, with leave of court, filed an affidavit that it had a meritorious defense—that is to say, that it had paid all privilege taxes required of it for the years in question.

After the filing of this affidavit the court, over the objection of appellant, permitted defendant's pleas to be filed, and appellant contends that the affidavit of merit does not fully set forth the nature of the defense as required by statute, and the first assignment of error is based upon the action of the court in overruling appellant's objection to the filing of the pleas.

. While we think the affidavit of merit would have been in better form if it had set out in detail the amount of lumber sold and the amount of taxes paid during each of the years in question, we have reached the conclusion that it was sufficient to permit the pleas to be filed, and that the action of the court in this regard was correct.

Prior to the trial in the court below, proceeding under the provisions of section 1003, Code of 1906 (section 723, Hemingway's Code), appellant filed a sworn application for an order requiring the defendant to produce in court its books, documents, and papers, and permitting appellant, in the presence of and under the control of the court, to inspect and take copies of such portions thereof as contained evidence of the annual sales of lumber by the defendant for the period beginning May 1, 1915, and ending May 1, 1917. This application set forth the basis of ap-

pellant's contention that appellee's annual sales exceeded one-half million feet of lumber, and alleged that appellee's books contained evidence of the amount of such sales, and prayed for an inspection thereof on such reasonable terms as might be imposed by the court. Appellee filed objections to this motion or application assigning numerous grounds of objection, and the application was denied. In the course of the trial, and after the examination of the general manager of the defendant corporation, who had been introduced by appellant as an adverse witness, the application was renewed and again denied. The action of the court in denying this application for an inspection of the books is assigned as error.

The argument of appellee in support of this action of the court below is based entirely upon the ground that the application was solely for "fishing" purposes, and in support of this contention appellee relies upon the case of *Assurance Society* v. *Clark*, 80 Miss. 471, 31 So. 964. In that case the court said:

"The bill itself states the inability of complainant to say how much she is entitled to, and prays discovery. It was answered, and full discovery made, and much testimony taken by depositions. Then complainant applied for an order for an inspection of books, which was granted upon the unsworn petition of her solicitor, which was not a sufficient showing to justify it."

Such is not the case here. The declaration in this case alleges with particularity and definiteness that appellee carried on and exercised the privilege of a lumber yard and dealer in lumber in the city of Greenwood, and that during the two years covered by the suit its annual sales of lumber exceeded one-half million feet during each of such years, and that by force of the statute in such cases it became liable for the privilege taxes sued for. The declaration stated a good cause of action against appellee; the application for an inspection of its books stated the basis upon which the charge had been made that appellee's annual sales amounted to one-half million feet, and alleged

that the books, papers, and documents in the possession or under the control of appellee contained evidence relating to the merits of the action and the defense interposed thereto by appellee. It was the duty of appellee to pay a privilege tax based upon the amount of its annual sales, and if it has done so it has nothing to fear from an inspection of its books. The determinative question involved was the amount of these annual sales, and, presumably, the books of the corporation would show that fact beyond question.

In the case of *Assurance Society* v. *Clark, supra,* the court said that the statute authorizing an inspection of the books—"was intended to accomplish the proper purpose of enabling a complainant or plaintiff to secure the benefit of the showing of the books and papers of the defendant in proper cases to promote the ends of justice. . . . We will not undertake to define the state of case in which an order for inspection, etc., may be properly made. Each case must be determined by its own facts."

We think this case is clearly one in which an order for the inspection of the books should have been made, and the correctness of this conclusion is emphasized by reading the evasive testimony of appellee's general manager.

The next assignment of error is based upon the action of the court in refusing to permit the introduction in evidence of certain waybills found among the records in the offices of the various railroad companies doing business in the city of Greenwood. These waybills purported to cover cars of lumber consigned to appellee, and purported to show the origin and number of each car, the contents and weight of each car, the consignee and amount of charges on the car. It does not clearly appear from the record whether the waybill alone was offered in evidence, or whether the waybill was offered in connection with a receipt of consignee for the car covered by the waybill. If each car covered by the waybill offered is shown to have been actually delivered to the consignee named there-

on, we think the waybill would then be admissible in evidence.

For the error in denying the application for an inspection of the books, papers, and documents of the defendant company, this cause is reversed and remanded.

*Reversed and remanded.*