## GREEN *et al. v.* PEARSON *et al.*[*]

(Division B.   Jan. 17, 1927.)

[110 So. 862.   No. 26150.]

1. APPEAL AND ERROR. *Case tried by chancellor after jury is waived stands just as if there had been jury trial and verdict given.*

   Where jury was waived by parties and issue tried by chancellor sitting both as chancellor and jury, the case stands as it would if there had been a jury trial of issue followed by verdict and judgment which must be justified from record if possible.

2. WILLS. *Subscribing witness' testimony is sufficient to establish that deceased appeared to understand nature and purpose of act in executing will.*

   Testimony of subscribing witness that deceased appeared to understand nature and purpose of act in executing will *held* sufficient to establish such fact.

3. WILLS. *Publication and attestation of will may be by construction.*

   Publication and attestation of a will may be by construction, since one may speak by his actions as well as by word of mouth.

4. WILLS. *Writing of will by subscribing witness at deceased's request with subsequent signing by deceased is sufficient declaration of last will and testament.*

   Writing of will by subscribing witness at request of deceased and embodying therein disposition deceased desired to make of his property, and signing of will by deceased, is sufficient declaration that paper was his last will and testament.

5. WILLS. *Request to sign will as witness, made in testator's presence by one preparing will, is equivalent to request by testator.*

   A request to sign a will as a witness, made in presence of testator by one intrusted with preparation of will, is equivalent to a request by testator.

6. WILLS. *Evidence held to show proper attestation of will written by subscribing witness and that testator had sufficient mental capacity (Hemingway's Code, section 3366).*

   Evidence *held* to show that will which was written by subscribing witness at testator's request was properly attested in testator's presence in accordance with Code 1906, section 5078 (Heming-

way's Code, section 3366), and that deceased had sufficient mental capacity to make will.

*Corpus Juris-Cyc. References: Appeal and Error; 4 C. J., p. 876, n. 78; Wills, 40 Cyc, p. 1023, n. 29; p. 1035, n. 29; p. 1116, n. 9; p. 1117, n. 22; p. 1304, n. 68.

APPEAL from chancery court of Calhoun county.

HON. N. R. SLEDGE, Chancellor.

Application by Narcissus Pearson and others for the probate of the will of Albert Pearson, deceased, contested by Mary Green and others, who in filing petition made all persons interested parties. From a decree upholding the will, contestants appeal. Affirmed.

*Stone & Stone,* for appellants.

It is not shown by the subscribing witnesses that the deceased, Albert Pearson, was in possession of his mental faculties and was of sound and disposing mind and memory and understanding, and it was not shown by them that the law as to attestation of a document was carried out; that is, the subscribing witnesses do not show either the capacity or the act.

The contest places the burden of proof on the proponents. Both of the supposed subscribing witnesses to this instrument refused to say that Albert Pearson called on them to attest his will. *Maxwell* v. *Lake,* 127 Miss. 112, shows what is required and that the witnesses to this instrument totally misconceived their duty and their obligation.

We do not deem it necessary to make any extended discussion or further citation of authority. This case is recent and wonderfully comprehensive in its scope and brings up and re-affirms all the holdings of Mississippi through its whole history on this point.

*T. L. Haman,* for appellees.

The proof established the due publication and execution of the will and the capacity and ability of testator

to make a will without regard to the testimony of Narcissus Pearson, wife of testator. Under sections 3374 and. 3377, Hemingway's Code, if it is shown that the wife has no separate estate equal in value to what she would get by inheritance from the estate of her husband, she may renounce the will and take by inheritance.

Section 1666, Hemingway's Code, renders a devise to a witness by. whom a will is established void so that a beneficiary of a will may be made to testify. *Kelly* v. *Miller,* 39 Miss. 17. The only question, therefore, which could arise here as to the testimony of Narcissus Pearson is under section 1577, Hemingway's Code, as to whether her testimony would tend to establish a claim in her favor against the estate of deceased not under the will.

We submit: (1) That she is not a beneficiary under the will; (2) she could testify even though a beneficiary; (3) even if she is considered an interested party, interest in a suit does not render a witness incompetent. Section 1575, Hemingway's Code.

Considering the evidence without regard to that of Narcissus Pearson:

(1) As to attestation, section 3366, Hemingway's Code, does not require that the witness shall be called by the testator, but "if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix," which word *credible* means competent at the time of the attestation, *Rucker* v. *Lambdin,* 12 S. & M. 230; that a request by testator may be constructive, and by act of the testator instead of words, 28 R. C. L. 127, section 82.

The evidence shows clearly that the old negro had the intent to make a will. The wording of the instrument is that of. a will, and shows on its face clearly its intent. I say that the request of Mr. Howell was that of the old negro.

(2) As to mental capacity, the proponent of a will must establish a *prima-facie* case such that without evidence *contra,* the court would be justified in admitting the will for probate. *Mullens* v. *Cotteral,* 41 Miss. 291 at 316; *Pane et al.* v. *Banks,* 32 Miss. 292; 14 'Ency. of Ev. 268-69.

In my opinion, having shown that the testator was a man of probably more than average ability and had full knowledge of his affairs, the testimony taken as a whole unquestionably establishes the testamentary capacity on the day he made the will and at the time it was made and proof is stronger than the average proof of such things. The proof is clear that testator at the time of making the will was of an unusually sound and disposing mind.

''If the witnesses see the testator sign the will and then sign as witnesses to that act with an understanding of the testator's purpose in so doing, it is not necessary for the testator to publish the will or declare the instrument to be his will, but the making of a will requires a substantial compliance with the statute.'' *Maxwell* v. *Lake,* 127 Miss. 112, 88 So. 326.

The proposition of appellants that publication and attestation, possession of mental faculties of testator, and that testator was of sound and disposing mind and memory and understanding; and that the law as to attestation of the document was carried out can only be proved by subscribing witnesses in the contested case, we think is untenable. *Miller* v. *Miller,* 96 Miss. 526, 51 So. 210; *Maxwell* v. *Lake,* 127 Miss. 112, 88 So. 326.

Request to witness to subscribe the attestation may be made through any words or acts which clearly evince that desire. 28 R. C. L. 127. A request to sign as witness made in the presence of the testator by one entrusted with the preparation of a will may be taken as the equivocal of a request of the testator. 28 R. C. L. 128.

The presumption, at least, is that he was requested to sign for the purpose of evidencing the fact that he

had witnessed the execution of the will by the testator. His testimony is to the effect that he did so witness it; that he did observe testator; that he subscribed the will as the will of testator. *Bolton* v. *Bolton,* 107 Miss. 84, 64 So. 967.

ANDERSON, J., delivered the opinion of the court.

The question in this case is the validity of the will of Albert Pearson, deceased. The issue *devisavit vel non* was, by consent of the parties, tried before the chancellor sitting both as chancellor and jury. Appellants were the contestants; appellees, the contestees. There was a decree upholding the will, from which appellants appeal.

Albert Pearson died leaving a paper purporting to be his last will and testament. Narcissus N. Pearson was named in the will as executrix. The executrix probated the will in common form before the chancery clerk of Calhoun county, where the testator lived and died. Appellants challenged the validity of the will upon the alleged ground that in its execution section 5078, Code of 1906, section 3366, Hemingway's Code, had not been complied with. To appellants' petition filed in the chancery court of Calhoun county challenging the validity of the will, all persons interested were made parties.

Appellants claim that the will is void because in its execution the last clause of the above statute was not complied with. That clause of the statute provides that if a will is not wholly written and subscribed by the testator himself, it shall be attested by two or more credible witnesses in the presence of the testator. The will involved was not written and subscribed by the testator himself, but was written by L. M. Howell, one of the subscribing witnesses thereto. The other subscribing witness was Sam Lindsey. Appellants' precise contention is that the decree of the trial court upholding the will cannot be sustained because there was insufficient evidence tending to show that the testator, at the time of the

execution of the alleged will, declared the paper which
he signed to be his last will and testament, and called on
the subscribing witnesses, Howell and Lindsey, to attest
it as such. They contend, and that contention is conced-
ed by appellees, that the burden of proof was on the ap-
pellees to establish the due execution of the will. And
appellants cite *Maxwell* v. *Lake,* 127 Miss. 107 88 So. 326,
as laying down the rule as to what was necessary for ap-
pellants to prove in order to establish the due execution
of the will. It was held in that case, construing the
clause of the statute here involved, that the word "at-
tested" used in the statute was broader in meaning than
the word "subscribed," and that the purpose of the stat-
ute in requiring two witnesses to attest the will was to
have more than their mere signatures to the will; that
it was the duty of the attesting witnesses under the stat-
ute to observe and see that the will was executed by the
testator, and to observe his capacity to make a will. Ap-
pellants' contention is that the testimony in this case
falls short of meeting those requirements.

As stated, a jury was waived by the parties, and the
issue was tried by the chancellor sitting both as chan-
cellor and jury. The case, therefore, stands exactly as it
would if there had been a jury trial of the issue, and the
jury properly instructed by the court as to the law of
the case, followed by a verdict and judgment for the ap-
pellees sustaining the will. If such a judgment can be
justified from the record in the case, it must be done.
*Aaron* v. *Citizens' Insurance Company of Missouri*
(Miss.), 110 So. 120. Putting it differently: If the case
had been tried by a jury, and under the evidence appel-.
lants had been entitled to a directed verdict, then the
decree of the chancellor should have been in their favor.
On the other hand, if the evidence tended to establish the
validity of the will, it was a question for the jury, and
the decree of the chancellor must be upheld. It follows
that the question resolves into whether the evidence
tended to establish that the deceased signed the paper

involved declaring it to be his last will and testament, and called on the subscribing witnesses, Howell and Lindsey, to attest his capacity to make a will, and his signature thereto, and that the testator affixed his signature to the will in the presence of the subscribing witnesses, and that they affixed their signatures thereto in his presence and in the presence of each other.

Howell, one of the subscribing witnesses, testified that the deceased called on him to write the will; that he accordingly wrote it in the presence of the deceased and in the presence of the other subscribing witness, Lindsey; that the deceased told the witness Howell what he wanted the will to contain, which was written into the will; that the witness Howell stated in the presence of the deceased and in the presence of Lindsey, the other subscribing witness, that it was necessary to have two subscribing witnesses, and that thereupon the witness Howell signed it as a subscribing witness, and called on the other subscribing witness Lindsey, who signed his name to the will; that the deceased signed the paper in the presence of the two subscribing witnesses, and they signed it in the presence of the deceased and in the presence of each other. The witness Howell testified further that the deceased appeared to comprehend the nature and purpose of the will. On cross-examination, he stated, however, that he could not say that the deceased declared the paper in question to be his last will and testament, nor did he remember that the deceased called on him and the other subscribing witness to subscribe the will as such. The other subscribing witness, Lindsey, testified that he was present and signed the will as a witness at the request of Howell, the other subscribing witness; that he did not remember that the deceased declared the paper to be his will, nor did he remember that the deceased called on any one to subscribe the paper as a witness to its due execution, nor did he know whether the deceased had sufficient mental capacity to understand what he was doing.

Appellants argue that the evidence was insufficient to meet the requirements of the law. The witness Howell's testimony that the deceased appeared to understand the nature and purpose of his act in executing the paper was sufficient evidence to establish that fact.

The publication and attestation of a will may be by construction. One may speak by his actions as well as by word of mouth. The writing of the will by the witness Howell, at the request of the deceased, and embodying therein the disposition the deceased desired to make of his property, and the signing of the will by the deceased, was a sufficient declaration by the latter that the paper he had signed was his last will and testament. It was not necessary for him to so declare in appropriate words. Such a declaration would have added no force whatever to what had been done. The same is true with reference to the requirement that the testator must request the subscribing witnesses to attest to the will. A request to sign a will as a witness, made in the presence of the testator by one intrusted with the preparation of the will, is equivalent to a request by the testator. It is sufficient that enough is said and done in the presence and with the knowledge of the testator to make the witnesses understand that he desires them to know that the paper is his will, and that they are to be the witnesses thereto. 28 R. C. L., p. 127, section 82, and cases in notes.

We think that the evidence tended to show that the deceased had sufficient mental capacity to make a will; that the paper in question contains the disposition he wished to make of his property; that he declared it in the presence of the subscribing witnesses to be his last will and testament, and affixed his signature thereto as such; and that he requested the subscribing witnesses to attest what he had done in that respect, which they did in his presence and in the presence of each other, and that those facts may be shown by construction as well as by actual words spoken. It follows from these views that the decree of the chancellor must be affirmed.

*Affirmed.*