AARON *v.* CITIZENS' INS. CO. OF MISSOURI.[*]

(Division B. Oct. 25, 1926. Suggestion of Error Overruled Nov. 22, 1926.)

[110 So. 120. No. 25856.]

APPEAL AND ERROR.
> General judgment for defendant in case tried by court cannot be disturbed, being justifiable on theory that court found against plaintiff on issue of fact, as to which the evidence was in direct conflict.

[*]Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., p. 883, n. 33.

APPEAL from circuit court of Covington county.
HON. W. L. CRANFORD, Judge.

Action by Annie Aaron against the Citizens' Insurance Company of Missouri. Judgment for defendant, and plaintiff appeals. Affirmed.

*W. U. Corley,* for appellant, and *R. L. McLaurin,* and *T. J. Wills,* for appellee filed elaborate briefs on the disputed questions of fact here involved.

ANDERSON, J., delivered the opinion of the court.

Appellant, Annie Aaron, brought this action in the circuit court of Covington county against appellee, Citizens' Insurance Company of Missouri, to recover the sum of one thousand eight hundred dollars for a fire loss on her residence, alleged by her to have been covered

by three fire insurance policies held by her in appellee company. The case was tried by agreement of the parties before the court sitting both as judge and jury. There was a judgment in favor of appellee, from which judgment appellant prosecutes this appeal.

Appellant purchased a lot and residence thereon from Williamson, a member of the firm of Davis & Williamson, who were agents of appellee. At the time of the purchase, Williamson held three fire insurance policies on the residence in appellee company. Appellant's evidence tended to show that, when she purchased the lot and residence from Williamson, Davis & Williamson, the agents of appellee company, agreed to transfer the three insurance policies to appellant, and that such transfer was a part of the transaction of the purchase and conveyance of the residence and lot. The evidence on the part of appellee tended to show that Davis & Williamson, as agents for appellee, agreed to transfer the policies of insurance to appellant, provided she would pay the unearned premiums thereon, but that, when it came to the consummation of the transaction, appellant declined to pay the unearned premiums, and stated that she did not desire to carry insurance on the residence, and that thereupon the policies of insurance were canceled and surrendered. In other words, according to the evidence on the part of the appellant, the three policies of insurance were in force when the residence was burned, while, according to the evidence of appellee, they were not in force. The evidence presented a square issue of fact.

The trial court, sitting as judge and jury, rendered a judgment in favor of appellee. Therefore the case stands exactly as it would if there had been a jury trial, and the jury properly instructed by the court as to the law of the case and a verdict and judgment for appellee. If the judgment of the court can be justified from the record in the case, it must be done. It can be justified on the theory that the court found for appellee on the is-

sue of fact whether or not the policies were in force. Appellant's evidence tended to show that they were in force; that of appellee tended to show that they were not.
*Affirmed.*