ELLIS *v.* S. PELLEGRINI, INC.

(Division A. April 18, 1932.)

[141 So. 273. No. 29952.]

386

Brunini & Hirsch, of Vicksburg, for appellant.

Dabney & Dabney, of Vicksburg, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

An automobile truck belonging to the appellant was injured in a collision with a truck owned by the appellee. The appellant, claiming that the injury to his truck resulted from the negligence of the driver of the appellee's truck, sued out an attachment against the appellee under section 173, Code 1930, in the county court, joining therein a local defendant, who, he alleged, is indebted to the appellee. The appellee answered the bill of complaint denying liability, and the local defendant answered admitting an indebtedness to the appellee. The case was tried by the county judge without a jury.

The appellant sued for both actual and punitive damages, and, by agreement, the damages to his truck were fixed at fifty-three dollars, the amount spent by him for repairs thereon. A judgment was rendered for the appellant for five hundred fifty-three dollars, five hundred dollars of which, therefore, being for punitive damages. On appeal to the circuit court, the judgment of the county court was reversed, and the case was tried de novo. By agreement of counsel, the case was tried by the judge, without a jury, who rendered a judgment for the appellant for fifty-three dollars.

One of the assignments of error is that the court below erred in reversing the judgment of the county court.

The appellee's contention in the circuit court was, and here is, that the evidence did not justify the county judge in awarding the appellant punitive damages.

The rule which should govern an appellate court in reviewing a finding of fact by a trial judge when trying a case without a jury is that such finding of fact should not be disturbed unless manifestly wrong. This cannot ordinarily be said of a finding of fact on conflicting evidence. Alabama & V. Railway Co. v. Bolding, 69 Miss. 255, 13 So. 844, 30 Am. St. Rep. 541; Kemp v. Turman, 104 Miss. 501, 61 So. 548; Aldridge v. Bogue Phalia

Drainage District, 106 Miss. 626, 64 So. 377; Brooks-Scanlon Co. v. Stogner, 114 Miss. 736, 75 So. 596; Aaron v. Citizens' Insurance Co., 144 Miss. 480, 110 So. 120.

The evidence before the county judge discloses that the appellant is engaged in the mercantile business in a house fronting on Washington street in the city of Vicksburg. The curbing in front of the house separating the street from the sidewalk is painted yellow, indicating that the street space opposite thereto and abutting thereon can be used for automobile parking purposes only temporarily, and for the purpose of unloading and loading vehicles. The appellant uses in his business a small delivery truck. According to the evidence of the driver of this truck, he drove the truck in front of the building on the occasion in question, and parked it parallel with the sidewalk, for the purpose of transferring parcels therein to the appellant's place of business. After he had parked the truck, a large tarpaulin-covered freight truck belonging to the appellee came up from the rear of appellant's truck, passed it, pulled into the sidewalk, and stopped parallel thereto about seventy-five or eighty feet in front of the appellant's truck, and immediately thereafter, without any warning of an intention so to do, the driver of the appellee's truck, backed it into the appellant's truck with sufficient force to damage it.

The appellant's driver also testified that he sounded the horn of his automobile repeatedly when he saw that the appellee's truck was backing into his truck; and, according to the evidence of several other witnesses, they (the witnesses) called to the driver of appellee's truck and warned him not to continue to back the truck. The appellee's driver denied hearing the horn or the calls.

The testimony of the appellee's truck driver as to what occurred is, in substance, as follows: When he arrived at appellant's place of business, the street space adjoining the yellow line on the curb was vacant, as was also the space immediately beyond that line, and in the

direction his truck was traveling. Having some freight to deliver to the appellant, he headed his truck toward the sidewalk and stopped parallel therewith a short distance beyond the yellow line, for the purpose of backing his truck along the sidewalk in to the space marked by the yellow line. He looked to the rear before commencing to back his truck and saw that the yellow-line space was clear. Because of the size and width of the body of his truck, he had to look under its body in order to see the space in the rear. He then backed the truck slowly, and, just as he brought it to a stop, it was struck violently in the rear by the front of the appellant's truck, which was then, for the first time, coming into the space marked by the yellow line. It does not appear from his evidence that he took any precaution after commencing to back his truck, other than to back it slowly.

There was evidence corroborating both of these witnesses.

The conflicts in this evidence were for the determination of the county judge, and from it he was justified in believing, as he evidently did, that the driver of appellee's truck either saw the appellant's truck at the curb and backed into it without warning, or backed into the truck without exercising any care to ascertain whether it was in the way. Either finding would disclose such gross negligence on the part of the driver as to warrant the belief that he acted in reckless disregard of the consequences, and justify the imposition of punitive damages.

If the evidence warranted punitive damages, the infliction thereof was for the determination of the trial judge, and not of the reviewing court. The awarding of punitive damages, when allowable, is discretionary with the jury or with the trial judge when trying cases without a jury.

The circuit court should have affirmed the judgment of the county court, and its judgment of reversal must be reversed here.

The appeal from the county court to the circuit court was by means of a bond with a supersedeas. Section 5, chap. 131, Laws 1926, creating county courts, when brought forward into the Code of 1930 as section 704 thereof, was amended so as to permit the circuit court, when affirming an appeal from a county court, to render a summary judgment on the appeal bond by adding thereto the following: "If no prejudicial error be found the matter shall be affirmed and judgment entered in the same manner and against the like parties and with like penalties as is provided in affirmances in the Supreme Court." Under sections 3387 and 3389, Code 1930, the Supreme Court, when affirming a money judgment of a trial court, where the appeal bond supersedes the judgment, renders a judgment on the bond for the amount of the judgment affirmed, with interest thereon from the date of its rendition at the same rate as borne by the judgment affirmed, court costs, and six per cent damages on the amount of the judgment. Such a judgment should have been rendered by the court below, and such must be the judgment here under section 3378, Code 1930, which requires the Supreme Court, when reversing a lower court, to "render such judgment, sentence, or decree as the court below should have rendered."

Section 5, chapter 131, Laws of 1926, was also further amended, when brought forward into the Code of 1930, as section 704, by adding thereto the following: "When the result of an appeal in the Supreme Court shall be a reversal of the circuit court and in all material particulars in effect an affirmance of the judgment of the county court, the mandate may go direct to the county court, otherwise to the circuit court."

The judgment of this court herein being "in all material particulars in effect an affirmance of the judgment of the county court," the mandate will be issued direct to that court.

Reversed, and judgment here for the appellant.