## Hall v. State Ex Rel. Bill Waller, District Attorney

No. 42813          November 25, 1963          157 So. 2d 781

*W. E. Gore, Jr.,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

BRADY, J.

This is an appeal from a final judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, which ordered the destruction 658 cases

of intoxicating liquor seized by the municipal authorities of the City of Jackson under a search warrant and in custody of the sheriff of said county. Proceedings in this case were begun under Sec. 2618, Miss. Code of 1942, by the district attorney against the whiskey and L. N. and Kenneth Muse, d/b/a Muse Brothers, Rankin County, Mississippi, the consignees in the invoices which were found in the glove compartment of the truck containing the whiskey when it was stopped by the City Police in the City of Jackson while traveling east on U. S. Highway 80 in the direction of Rankin County, near Valley Street. The Muse Brothers, by their attorneys, filed an answer to the petition of the district attorney and disclaimed any interest whatsoever in the whiskey. One John Hall, an alleged resident of Tuscaloosa, Alabama, filed an affidavit claiming the whiskey belonged to him, that he purchased it from Muse Brothers at Delta Point, Louisiana, and that it was an interstate shipment to his place of business in Tuscaloosa, Alabama. The Circuit Court of Hinds County denied the claim of appellant John Hall to the 658 cases of intoxicating liquor, and adjudicated that said liquors were not being shipped in interstate commerce but were consigned to and were the property of L. N. and Kenneth Muse, residents of Rankin County, Mississippi, and further ordered that said quantity of liquor be condemned and destroyed according to law.

An appeal with supersedeas was granted by the lower court, with said liquors being stored in Hinds County, Mississippi, awaiting the decision of this Court.

There are three assignments of error urged by the appellant in his suggestion that the decision and judgment of the court below was manifestly wrong. These assignments of error are: (1) The court erred in entering judgment against appellant; (2) the judgment is against the overwhelming weight of the evidence; and (3) the court erred in sustaining the objection of ap-

pellee to the introduction by appellant of certain invoices shown on pages 40 through 44 of the record. These unsigned, typewritten invoices, which Kenneth Muse testified he notified one of his employees to prepare, purported to show that this whiskey was sold by the Muses to appellant. The invoices were dated the same day and were offered to the testimony of Kenneth Muse. This date was December 13th, the date upon which the liquor was seized, and showed that it was sold to John Hall of Tuscaloosa, Alabama, and that the terms of the sale was for sale and delivery at Delta, Louisiana. These invoices, which the lower court permitted to be introduced for identification only, merely showed the quantity, type or brand, and the cost of the various brands of intoxicating liquors. The heading of the invoices shows ''Muse Brothers, Old Brandon Road, Jackson, Miss.'' as the consignor or vendor and that it is to be shipped to John Hall at Tuscaloosa, Alabama, no other address indicated. It is to be noted that these invoices wholly fail to show the serial numbers on the cases of liquor or on the federal stamps placed thereon. Appellant argues that the principal questions involved, as shown in his assignment of errors, is that the judgment is against the overwhelming weight of the evidence and that the court erred in refusing to admit into evidence the aforementioned invoices offered by appellant through the testimony of the witness Muse.

Our opinion, however, is directed not only to these two grounds, but also to the claim of the appellant that the whiskey was an interstate commerce shipment was not beyond the reach of the search and seizure, and the impounding by the Circuit Court of Hinds County. No objection is made by appellant to the search warrant issued for the search and seizure by appellee, but it is the order to destroy the intoxicating liquors by the Circuit Court to which appellant takes exception. It is to be noted that by agreement of the State and the

appellee, Hon. Leon F. Hendrick, Circuit Judge, was to try and did try this cause without a jury, the said judge acting in lieu of the jury.

The record discloses that the appellee, Kenneth Muse, procured one William Tommy Hinton for the said John Hall as a truck driver; that the said Hinton, at the request of John Hall, leased a 1960 International truck of sufficient size to haul the almost $27,000 liquor purchase, from the Ryder Truck Rental of Jackson, Mississippi, on December 10. Hinton testified that John Hall was to pay him $100 to drive the truck when loaded with the whiskey from Delta Point, Louisiana to Tuscaloosa, Alabama. The record further discloses that William T. Hinton is a brother to a brother-in-law of Kenneth Muse, and was out of work at the time Muse recommended him to John Hall as a driver. The record also discloses that one Dewey Clinton, a trusted employee of Muse, drove this truck to Tallulah, Louisiana, where, from various wholesale dealers, he purchased the intoxicating liquor in question. Disclaimer Kenneth Muse alleged that he was paid in cash by John Hall and that he in turn purchased from the Louisiana dealers this quantity of liquor by check. The export sale reports, which are exhibits in the record, required by the Department of Revenue of the State of Louisiana, show that the intoxicating liquors were sold to L. N. and Kenneth Muse, the address being "either 5½ miles Old Brandon Road, Jackson, Mississippi, or 3526 Old Brandon Road, Jackson, Mississippi." The record discloses that these addresses are one and the same. These export sale reports and invoices which were likewise issued were all signed by disclaimer's employee, Dewey Clinton.

On these export sale reports the 1960 International truck was listed, and that it was owned by Ryder Rental; that the driver was Dewey Clinton; it shows the route to be taken as 80 East; and the driver's license number

is shown to be 82383. On the invoices, the brand of the liquor, the size in which the brand is bottled, and the price thereof, are all listed, and receipt therefor is signed by the said Clinton. Furthermore, the serial numbers under each of the various purchases are listed, the serial numbers being on the cases or on the stamps placed thereon. These invoices disclose that Clinton purchased for the said L. N. and K. Muse — Muse Brothers — from four different wholesale liquor dealers in Tallulah, Louisiana, the necessary purchases to complete the order which was given to the said Dewey Clinton. The export sale report, heretofore referred to, lists also the number of gallons as shown by the number of cases. There were four export sale reports, just as there were four invoices, covering the purchased liquor. Handwritten copies of the invoices from the four wholesale dealers in Tallulah, Louisiana, were given to the said Clinton and placed by him in the glove compartment of the truck. It was these handwritten copies which were seized by the Officers of the City of Jackson and introduced as exhibits in support of their testimony.

After the whiskey and the truck had been seized and placed in the custody of the Sheriff of Hinds County, and after the proceedings in the lower court had been instituted, the above mentioned disclaimer and the claimant's affidavit were filed.

It is the assertion of appellant that he made a deal with the Muses to purchase this whiskey from them at Delta Point, Louisiana, which is just beyond the river bridge at Vicksburg, Mississippi. Disclaimer Muse urges that he had an agreement with appellant that instead of appellant paying the customary $1.00 per case extra above the cost thereof, that he had agreed that if appellant Hall would bear the expense of transportation of the purchased whiskey from Delta Point to Tuscaloosa, he would reduce his profit on the sale from $1.00 to 50¢ per case. Disclaimer Kenneth Muse also urges the court

that the driver, Dewey Clinton, who picked up the whiskey in Tallulah, was hired by appellant at Delta Point, Louisiana, for the price of $25.00, because he was known to the truck scale men at Vicksburg, to transport the whiskey just beyond the scales station in Vicksburg, Mississippi. Why this was necessary or desirable does not appear.

Witness and disclaimer Muse endeavored to have the court believe that the driver, William T. Hinton, whom he had secured for appellant Hall, was hired by Hall to transport the intoxicating liquor from Delta Point, Louisiana, for the price of $100.00, into Mississippi and on to Tuscaloosa, Alabama. It appears also that Hall was to lead this truck driver, who was an experienced driver for motor freight lines, to show him the way to Tuscaloosa. Disclaimer Muse further testified that appellant had paid him in cash as aforesaid and that his purchase and sale records would so show, but he wholly failed to offer these records in evidence and only offered as proof of the sale the typewritten invoices which one of his employees had prepared on December 13 for appellant. It is to be noted that the claimant and appellant here, Hall, did not testify in this case.

There is some conclusive evidence in this case which merits close attention. It is undisputed that the Muses did in fact purchase this whiskey at Tallulah, Louisiana. The testimony of all witnesses and the signed invoices from the Tallulah distributors, as well as the export sale reports of the Department of Revenue of the State of Louisiana, prove this to be a fact. The point in issue actually is, therefore, whether or not the disclaimer by the Muses is bona fide, and whether or not appellant Hall is the purchaser and owner of said liquors and that the same were in transit in an interstate shipment with respect to the alleged sale of the whiskey by the Muses to Hall at Delta Point, Louisiana.

The decision of the trial judge merits the same consideration as a jury verdict, and we are now faced with the question of whether or not the lower court was justified in disbelieving the somewhat unusual scheme and procedure testified to by Kenneth Muse in support of the claim asserted by appellant in order to avoid the destruction of the confiscated whiskey. It is to be noted that this is a sale involving almost $27,000 in cash; that appellant Hall did not appear and testify, even though, if the appellant's affidavit and all of appellant's testimony be true, the appellant Hall was in fact the real party in interest in this case. The appellee was denied the right of cross-examining the appellant since he did not appear and take the stand, and there was only one averment in the affidavit which the appellee was able to positively refute and deny that neither Hall nor anyone else had made any demand upon Sheriff Gilfoy to release the whiskey prior to the filing of the affidavit by Hall. No assertion or claim of title to the whiskey was made except by the said affidavit.

The lower court judge, in this case, had sole authority for determining the credibility of the witnesses. Pate Lumber Co. v. Weathers, 167 Miss. 228, 146 So. 433. We have heretofore held that the findings of a court in such circumstances are entitled to the same weight as a jury verdict, Key v. Withers & Wellford, 159 Miss. 125, 131 So. 868, and we have further held that the findings of fact should not be disturbed unless they are manifestly wrong. Ellis v. Pellegrini, Inc., 163 Miss. 385, 141 So. 273; U. S. F. & G. Company v. State, for use of Ward, 211 Miss. 864, 53 So. 2d 11; McCallum v. Laird, 244 Miss. 273, 142 So. 2d 32.

Insofar as the lower court erring in refusing to permit the invoices prepared at the instance of disclaimer Muse, whereby Kenneth Muse sought to show that these were given to appellant Hall as proof of a sale by Muse to

Hall, we do not feel that it is necessary for us to consider this alleged error for the reason that Muse himself testified that he had actually sold the whiskey in question to Hall. This is corroborated by the witness William T. Hinton, and by the witness Dewey Clinton insofar as his employment for driving the truck in question from Delta Point, Louisiana to beyond the scales at Vicksburg, Mississippi, is concerned.

The record is not clear whether or not the invoices offered in evidence were originals. It is not clear whether these invoices belong to Hall or were but copies thereof, but be that as it may, the invoices are not signed, and even if it were error in refusing to admit them as exhibits, which we do not hold it to be, we hold that it is certainly not a prejudicial error of which appellant can derive any benefit for the reason that the invoices are at least only cumulative and corroborative evidence to the testimony of the disclaimer Muse and his witnesses. In passing, the lower court agreed, moreover, to let these invoices be introduced by Hall at the time he would testify. The record discloses that Hall did not care to avail himself of this opportunity because he never took the stand to vindicate his alleged title to the intoxicating liquor involved, though the cost thereof amounted to about $27,000. We feel that the case of Robertson v. Greenwood Lumber Company, 127 Miss. 793, 90 So. 487, does not have any application to the case at bar, but that Ellis v. Ellis, 160 Miss. 345, 134 So. 150, is more in point.

The lower court had the opportunity to observe the witnesses on the stand, their demeanor, their general attitude, personal interest, if any, and the manner in which they answered the questions relating to the material issues herein. We fail to find any manifest error of the lower court in evaluating the testimony in this case, and for these reasons we refuse to disturb the findings and the judgment of the lower court that the

intoxicating liquors belonged to and were the property of L. N. and Kenneth Muse, and were at the time of seizure being transported, not in interstate commerce, but in violation of the laws of the State of Mississippi, and were subject to seizure and destruction pursuant to the laws of this State.

Therefore, the order of the lower court directing the Sheriff of Hinds County to destroy and render unfit for use said intoxicating liquors, seized and held under said order, is hereby affirmed.

Affirmed.

*McGehee, C. J., and Ethridge, McElroy and Jones, JJ.,* concur.