241 So.2d 822 (1970)
TRANSAMERICA INS. CO., a Corp.
v.
BANK OF MANTEE, Billy Walker and Pete Walker, d/b/a Billy Walker and Pete Walker, a Partnership.
No. 45952.
Supreme Court of Mississippi.
November 9, 1970.
Rehearing Denied December 7, 1970.
Bell & McBee, Greenwood, for appellant.
William Liston, Winona, for appellees.
BRADY, Justice:
This is an appeal from the Chancery Court of Webster County, Mississippi, wherein the appellees obtained a judgment upon an insurance contract which was declared to be valid and in force by the court and to require the amount due under the terms of the policy to be paid by the appellant. From this judgment an appeal is taken.
On February 28, 1968, the appellant, through its agent, issued to the appellees a Standard Inland Marine Floater Policy of Insurance insuring against the casualty loss certain agricultural equipment. Two of the insured items of agricultural equipment, namely, one Caterpillar 17AD7 Tractor with 7S Dozier, S# 17A9773 and one Caterpillar 17 AD7 Tractor with a dozier, S# 4238 with blade S# 9946, were subject to a lien in favor of the appellee bank and the appellant through its agent issued a standard loss payable clause in *823 favor of the bank, which clause by its written terms was made a part of the said policy and subject to all of the terms and conditions of the policy.
The original policy was left with the agent on the date of its issuance for the sole purpose of permitting the agent to add additional loss payable clauses to the policy. The policy was issued for a term of three years beginning February 28, 1968, and terminating February 28, 1971. The total premium for the policy was $603. The appellees paid $202.50 down on the premium and financed the balance. The entire premium was paid in full on October 30, 1968.
On or about July 1, 1968, the appellant substituted one Caterpillar Model D7E Tractor, S# 47A1324, complete with double drop cable in it and dozier blade, for the Caterpillar 17 AD7 Tractor with 7S Dozier S# 17A9773, on the security instrument held by the Bank of Mantee.
On or about November 1, 1968, the appellant, through its property underwriting manager, wrote its general agent, Clint Peteet, Jr., a letter relative to the subject policy of insurance, stating "a recent loss under this policy indicates that this risk no longer meets the underwriting requirements. Please make arrangements and have our policy picked up and return for cancellation within the next fifteen days."
On November 11, 1968, the agent wrote the following letter to the appellees and mailed a copy to all of them by registered mail:
 November 11, 1968
Billy Walker and Pete Walker
Route 1 Box 146
Minter City, Mississippi 38944
Re: Transamerica # 3IM136569  Farm Machinery
Dear Pete and Billy:
We have been advised by subject company that we will have to replace this coverage within ten days from date of this letter.
We will be glad to place this in another one of our companies. If this is agreeable with you please let us hear from you within the next day or two. We will hold this in our suspense file until we hear from you. (Emphasis added.)
Cordually (sic),
PETEET INSURANCE AGENCY
Clint Peteet, Jr.
cc: Bank of Mantee
 Mantee, Mississippi
CPJR/mnm
On November 24, 1968, the D7E Caterpillar was destroyed by fire. The agent for the appellant was notified of the loss on November 25, 1968. On November 27, 1968, the appellant's agent, Peteet, wrote the appellees a letter stating that he was unable to replace the coverage with any other company and therefore was returning the check for the premium refund on the Transamerica policy and stating that the tractor was uninsured.
The appellant refused to pay the loss on the grounds that the policy had been canceled and this suit was then instituted. The chancellor found that the certified letter from the appellant's agent to the appellees of November 11, 1968, was not a clear and unequivocal cancellation of the contract of insurance under the terms of paragraph 13 of said contract of insurance and further that the purported and uncertified letter of November 15, 1968, that Clint Peteet, Jr. wrote, and his secretary claims to have mailed to appellee Walker only, which was an exact copy of the letter of November 11 with the following postscript added thereto: "Please call about this, you have no insurance. Clint Peteet, Jr." was in fact not mailed. The chancellor further found that the subject policy of insurance *824 was in full force and effect on November 24, 1968, when the tractor was destroyed by fire, and that the appellees were entitled to recover for the loss. The chancellor found that the fair market value of the tractor on July 9, 1968, the date of purchase, was $22,500 and that the value of the tractor on the date of the loss was $22,500 less all depreciation from the date of purchase to the date of loss, and further that the salvage value of the tractor immediately after the fire was $2,500. The chancellor therefore held, under the terms and provisions of the policy, that the appellees were entitled to a judgment in the amount equal to eighty percent of the value of the tractor on July 9, 1968, less normal depreciation up to the date of the fire and less the salvage value of $2,500. The parties agreed that the amount of depreciation was $900 and subsequently a final decree was entered by the chancellor awarding unto the appellees a judgment of and against the appellant in the amount of $15,280, together with interest at the legal rate from the date of said decree.
The appellant contends that the chancellor erred in not finding that the letter of November 15, 1968, was in fact mailed to the appellees, and that the said letter of November 15 did in fact cancel the policy. As authority for this proposition, the appellant cites Employers Mutual Casualty Company v. Nosser, 250 Miss. 542, 164 So.2d 426, 168 So.2d 119 (1964). That case is easily distinguishable on the facts from the case at bar in that in the Nosser case certificates of mailing from the post-office were obtained, when the notice of cancellation was mailed, which were sworn to before the chancery court and entered as documentary evidence. In the case at bar the only evidence as to the mailing was the testimony of the secretary. This the chancellor found to be insufficient in that although the letter of November 11 had been mailed by certified mail it did not constitute a clear and unequivocal cancellation. There was no claim that the letter of November 15 was so certified, nor was a copy sent to the Bank of Mantee. For this reason the chancellor found that the letter in fact had not been mailed. We are not prepared to assert that he is manifestly incorrect because the chancellor heard the witnesses testify and had the opportunity to observe their demeanor and was therefore in a better position to determine the weight and value of their testimony.
We decline to say that the chancellor's finding of fact was manifestly incorrect or against the overwhelming weight of the evidence and, in fact, we agree that the letter of November 11 was not a clear and unequivocal cancellation of the contract of insurance under the terms of the insurance policy. For these reasons, the findings of fact by the chancellor must be taken as controlling and his judgment must be and hereby is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and SMITH, JJ., concur.
RODGERS, Justice:

ON PETITION FOR REHEARING
The appellant argues in its Petition for Rehearing that our former opinion is erroneous and contrary to the holding of this Court in Employers Mutual Casualty Company v. Nosser, 250 Miss. 542, 164 So.2d 426, sugg. of error overruled 250 Miss. 542, 168 So.2d 119 (1964), wherein this Court said:
It is apparent therefore (from the policy) that the cancellation of the appellee's insurance policy could, by the clear and unambiguous provisions of the cancellation clause, be cancelled by the appellant by mailing to the insured notice stating when such cancellation would be effective in accordance with the provisions of the cancellation clause shown *825 above. * * * (250 Miss. at 553, 164 So.2d at 430)
It is true that this Court held, by a divided Court opinion in Nosser, supra, that a statement made by an insurance agent that she mailed a notice of cancellation, coupled with a post office receipt showing the mailing of a piece of ordinary mail addressed to a person named on the receipt, was sufficient to cancel the insurance policy regardless of the fact that no such notice was received, nor was the unearned premium repaid the insured. In that case there was no question as to the finality of the notice of cancellation.
In the case now before this Court, the alleged notice itself contains the sentence, "We will hold this in our suspense file until we hear from you." At the bottom of this alleged notice (written after the signature) is an obscure line  "Please call about this, you have no insurance"  followed by the second signature of the agent. However, previous to this alleged notice, the agent had written the insured advising them that the insurance company required that the policy be replaced within ten days, but this letter also contained the sentence, "We will hold this in our suspense file until we hear from you." There is other testimony that the insured called at the office of the agent and was not informed that the policy had been cancelled.
The holding of this Court in Employers Mutual Casualty Company v. Nosser, supra, does not mean that the trial court is required to believe the testimony of an insurance agent simply because he states that he mailed a cancellation notice to the insured. We simply held in that case that when it is established that notice of cancellation was mailed in accordance with the terms of the policy, the failure of the insured to receive the notice would not prevent the cancellation of the insurance policy in accordance with its terms.
The testimony of an insurance agent, like the testimony of any other witness, is to be weighed and evaluated by the trier of facts, taking into consideration other testimony and the surrounding circumstances in the case, and, if the surrounding circumstances are such as to outweigh the statement of an insurance agent that he mailed the required notice, the jury or trier of facts is not bound to accept the agent's statement simply because the agent so testified. Hall v. State ex rel. Waller, 247 Miss. 896, 157 So.2d 781 (1963); Key v. Withers & Wellford, 159 Miss. 125, 131 So. 868 (1931); 89 C.J.S. Trial § 593, p. 387 (1955).
Moreover, we have frequently pointed out the rule in our opinions that a finding of fact by a trial judge who tries a case as judge and jury will not be disturbed on appeal unless manifestly wrong. McDaniel Bros. Const. Co. v. Jordy, 195 So.2d 922 (Miss. 1967); Jones v. Index Drilling Co., 251 Miss. 578, 170 So.2d 564 (1965); Armstrong Tire and Rubber Co. v. Franks, 242 Miss. 792, 137 So.2d 141 (1962); Kimbrough v. Smith, 201 Miss. 202, 28 So.2d 850 (1947).
In addition to the foregoing rules cited in the instant case, the question as to whether or not the alleged written notice complied with the requirements of the contract to terminate and cancel the policy at a certain date was for the interpretation and determination of the trial court. The trial court was not bound to give the words set out in the alleged notice the meaning the scrivener now says was intended to be conveyed to the insured. Cancellation of an insurance policy must be definite, clear and unequivocal. Graves v. Iowa Mutual Ins. Co., 132 So.2d 393, 96 A.L.R.2d 282 (Fla. 1961); Fidelity and Casualty Co. of New York v. Jacks, 231 Ala. 394, 165 So. 242 (1936); 45 C.J.S. Insurance § 450b, p. 86 (1946).
The Petition for Rehearing is denied.
All Justices concur.