748 So.2d 838 (1999)
Wendy Lee Werner Atkins Anderson STARK, Appellant,
v.
David Michael ANDERSON, Appellee.
No. 98-CA-00117-COA.
Court of Appeals of Mississippi.
August 17, 1999.
*839 M. Channing Powell, Gulfport, Attorney for Appellant.
William T. Reed, Pascagoula, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. Wendy Lee Werner Atkins Stark (Wendy) appeals from a judgment of the Chancery Court of Jackson County modifying a child custody decree. David Michael Anderson (David) asked the court to modify the existing custody arrangement between him and his ex-wife, Wendy, who had been granted custody of the minor child in the judgment of divorce. The court granted David's petition for modification of the final judgment of divorce, and Wendy appeals arguing that the chancery court committed manifest error by (1) accepting the proposed findings of fact and conclusions of law prepared by David's counsel, (2) finding that substantial material changes in circumstances adverse to the *840 child had occurred since the final judgment of divorce, (3) finding that under the totality of the circumstances, the best interest of the child would be served by transferring custody from the mother to the father, and (4) awarding custody to David which would split the residency of the two siblings living in Wendy's home. Finding no errors in the proceedings below, we affirm.

FACTS
¶ 2. David and Wendy were married on December 6, 1991. They had one child, David Michael Anderson, II (Davey). Subsequently, the parties divorced on April 21, 1994, by order of the Chancery Court of Jackson County, Mississippi. The divorce was obtained on the ground of irreconcilable differences, and the parties agreed to the terms of a separation and property settlement agreement which was incorporated into the final judgment. The judgment specified that Wendy would have custody of the six month old child, with reasonable visitation rights in favor of David. Additionally, David was ordered to pay fourteen percent of his adjusted gross income per week in child support. Subsequent to the dissolution of their marriage, both parties remarried: Wendy married Brian Stark on May 20, 1994 and David married Lisa on June 24, 1995.
¶ 3. On July 29, 1997, David filed a petition for modification of the final judgment seeking permanent custody of the child. David's basis for his motion to modify custody was that substantial and material changes had occurred because Wendy had neglected some of the child's needs and had failed to provide a stable environment for the child. On August 26, 1997, Wendy filed her answer denying the allegations in David's petition, and filed a counter-complaint[1] seeking modification of the final judgment of divorce. Wendy argued that substantial and material circumstances had arisen requiring an increase in the amount of child support paid by David as provided in the final judgment of divorce. A trial was held on August 26, 1997, and the chancellor ordered each attorney to submit a proposed judgment to the court within seven days. Counsel for Wendy filed a proposed judgment, and counsel for David filed proposed findings of fact and conclusions of law. On November 12, 1997, the chancellor adopted the findings of fact and conclusions of law in total as submitted by David's counsel. The chancery court then entered a judgment modifying the custody provisions of the prior judgment of divorce and awarded David custody of Davey. Aggrieved by the chancellor's decision, Wendy has perfected this appeal.

STANDARD OF REVIEW
¶ 4. The standard of review applied by this State in domestic relations matters is abundantly clear. This Court will not disturb the chancellor's findings unless the chancellor was manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997). Thus, on appeal, this Court will uphold the chancellor's findings of fact that are not manifestly wrong and are supported by substantial, credible evidence. Sarver v. Sarver, 687 So.2d 749, 753 (Miss.1997) (citing Pittman v. Pittman, 652 So.2d 1105, 1108 (Miss.1995)).
ARGUMENT AND DISCUSSION OF LAW
I. THE CHANCERY COURT ERRED IN ACCEPTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FROM APPELLEE'S COUNSEL WHEN HE ORDERED THAT COUNSEL FOR BOTH SIDES SUBMIT A PROPOSED JUDGMENT FOR HIS INSPECTION.
II. THE CHANCERY COURT ERRED BY ACCEPTING IN ITS *841 COMPLETE FORM THE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW PREPARED BY APPELLEE'S COUNSEL.
¶ 5. Since these issues both deal with the proposed findings of fact and conclusions of law, we will discuss them together.
¶ 6. Wendy maintains that the chancellor erred when he ordered both attorneys to provide a proposed judgment, and then adopted verbatim the findings of fact and conclusions of law submitted by David's counsel. Wendy argues that this Court should not give deference to the findings of fact and conclusions of law which are not supported by substantial evidence and should instead review the record de novo. After reviewing the record and the findings of fact and conclusions of law adopted by the chancellor, we cannot say that he manifestly erred in his decision. The Mississippi Supreme Court has consistently held that a trial court can adopt verbatim, in whole or part, the findings of fact and conclusions of law submitted by a party. Chamblee v. Chamblee, 637 So.2d 850, 858 (Miss.1994), Omnibank v. United Southern Bank, 607 So.2d 76, 83 (Miss.1992), Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss.1987). The Mississippi Rules of Civil Procedure addresses findings by the court in Rule 52 and provides the following:
In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
M.R.C.P. 52. As noted in Rice Researchers, Inc., "[t]he rule mentions nothing about the method that the chancellor should employ in achieving these objectives." Rice Researchers, Inc., 512 So.2d at 1265. The appellant contends that the chancellor erred by adopting verbatim the findings of fact and conclusions of law provided by the appellee. However, the Mississippi Supreme Court held in Rice Researchers, Inc., that "the matter of whether a trial court may adopt verbatim, in whole or part, the findings of fact and conclusions of law of a party is within the court's sound discretion." Id. In the case sub judice, the chancery court properly requested each party to submit a proposed judgment. After considering these submissions, the chancellor adopted the appellee's proposed findings of fact and conclusions of law. The chancellor acted within his authority. Id. However, the Mississippi Supreme Court has held that,
[w]hile an appellate court may not summarily disregard findings adopted by a trial judge verbatim from the submission of the prevailing party, the appellate court must view the challenged findings of fact and the appellate record as a whole with a more critical eye to ensure that the trial court has adequately performed its judicial function.
Id. This is not a de novo review as the appellant suggests. In this case, after hearing the testimony and evidence presented at trial, the chancery court obviously determined that there was substantial evidence to support the appellee's findings of fact and conclusions of law. Although this determination is entitled to deference, the deference is necessarily lessened in cases such as this that involve non-independent findings of the chancery court. Chamblee, 637 So.2d at 858. Therefore, we conclude that this issue is without merit. It is within the chancellor's discretion and authority to include findings of fact and conclusions of law. However, our deference to these findings is lessened, and we will uphold the chancellor's decision only if there is substantial credible evidence to support these findings. We therefore affirm the chancellor as to both these issues.
III. THE CHANCERY COURT ABUSED ITS DISCRETION AND COMMITTED MANIFEST ERROR WHEN IT FOUND THAT SUBSTANTIAL MATERIAL CHANGES IN CIRCUMSTANCES ADVERSE TO *842 THE CHILD OCCURRED WHILE THE CHILD WAS WITH THE MOTHER SINCE THE ENTRY OF THE JUDGMENT OF THE DIVORCE.
IV. THE CHANCERY COURT COMMITTED MANIFEST ERROR AND ABUSED ITS DISCRETION WHEN IT FOUND THAT IT WAS IN THE BEST INTEREST AND WELFARE OF THE MINOR CHILD THAT CUSTODY OF THE MINOR BE TRANSFERRED FROM THE MOTHER TO THE FATHER BASED ON THE TOTALITY OF THE CIRCUMSTANCES.
¶ 7. Since the appellant argues in these issues that the overwhelming weight of evidence was against modification of custody, we will address them together.
¶ 8. In proceedings to modify child custody arrangements, this Court has stated that the non-custodial parent must satisfy a three part test: "a substantial change in circumstances of the custodial parent since the original custody decree, the substantial change's adverse impact on the welfare of the child, and the necessity of the custody modification for the best interest of the child." Brawley v. Brawley, 734 So.2d 237 (¶ 12) (Miss.Ct.App. 1999) (citing Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997)) (citing Bubac v. Boston, 600 So.2d 951, 955 (Miss.1992)). This Court has also noted that "the `totality of the circumstances' must be considered." Wright v. Stanley, 700 So.2d 274, 280 (Miss.1997) (citing Ash v. Ash, 622 So.2d 1264, 1266 (Miss.1993)). Further, it is well settled that the polestar consideration in any child custody matter is the best interest and welfare of the child. Whittington v. Whittington, 724 So.2d 922 (¶ 10) (Miss.Ct.App.1998) (citing Albright v. Albright, 437 So.2d 1003, 1005 (Miss. 1983)). Wendy argues that the evidence does not support a finding that material changes occurred that were adverse to the best interest of the child. Wendy contends that her anticipated move to Colorado, the remarriage of the parties, and her cohabitation outside of marriage did not have an adverse affect on the child. She further contends that the court had no credible evidence to find that she was manic depressive or that the stepfather excessively drank alcohol. Wendy also argues that the totality of the circumstances does not support a change in custody. She contends that this case contains isolated incidents that do not justify a change in custody. Touchstone v. Touchstone, 682 So.2d 374, 378 (Miss.1996).
¶ 9. The chancellor made the following findings in this case:
The [c]ourt finds that other than the plaintiff the entire immediate and extended family of the minor child, David Michael Anderson, II, are residents of Jackson County, Mississippi, that the child has been cared for extensively by his father since birth and that a close and substantial bond has been established and exists between the child and his father, and further finds that substantial material changes in circumstances adverse to the child have occurred while the child was with the mother since the entry of the Judgment of Divorce herein and that it is the best interest and welfare of the minor child.... based upon the totality of the circumstances that custody of said minor be transferred from his mother, Wendy Lee Werner Atkins Anderson Stark, to his father, David Michael Anderson.
As previously discussed, the chancellor also incorporated into the judgment the appellee's proposed findings of fact and conclusions of law which are very thorough and detailed. Included in the conclusions of law are several factors that have adversely affected the child and also several factors that favor a change in custody:
The following factors relative to the mother have negatively impacted the child: (1)cohabitation of the mother outside of marriage, (2) the excessive drinking of alcohol by the stepfather, (3) the manic depressive diagnosis and conduct *843 of the mother, (4) the inappropriate disciplining of the child by the stepfather, (5) the lies of the mother about material issues, (6) the poor relation of the child with the stepfather, and (7) the frequent moves of the mother.
Further the following factors relative to the father favor a change in custody: (1) the father and the child have a close, loving relationship and have had regular frequent visitation, (2) the stepmother has been and is supportive of the father-son relationship, (3) the stepmother's close, loving relationship with the child, (4) the suitability of the home environment of the father, and (5) the totality of the circumstances regarding the father and the child.
On appeal, it is very clear that this Court must determine whether there is substantial credible evidence to support the chancellor's decision. After reviewing the record and the findings of fact and conclusions of law, we cannot say that the chancellor manifestly erred in his decision.
¶ 10. The record in this case gives ample evidence to support the chancellor's decision that the best interest of the child would be served by a change in custody. The appellant is correct in arguing under Spain that her relocation to Colorado is legally irrelevant and not enough to constitute a material change that is adverse to the child. Spain v. Holland, 483 So.2d 318, 321 (Miss.1986). The appellant is also correct in her argument under Kavanaugh that to warrant a change in custody, the mother's cohabitation before marriage must be shown to have adversely affected the child. Kavanaugh v. Carraway, 435 So.2d 697, 700 (Miss.1983). These incidents alone may not be sufficient to warrant a modification of custody. However, under the "totality of the circumstances" test, these factors along with other factors presented in the testimony and evidence may show that a material change in circumstances has occurred that has adversely affected the minor child. Ash v. Ash, 622 So.2d 1264, 1266 (Miss.1993).
¶ 11. In the case sub judice, Wendy testified that she was being relocated to Colorado in order to further her career. Wendy also testified that she had in fact moved several times since her divorce from David. The findings of fact state that the mother's frequent moving is one of the factors that adversely affects the child. The record supports this finding and shows evidence that David regularly exercises his visitation rights with Davey, and the family members in the area also regularly visit Davey and allow him to spend the night. The testimony of the family reveals that Wendy frequently receives help with her children from various family members, and their move to Colorado would have a significant adverse impact on Davey's life. The record also reflects further evidence of the stability of the father's home environment in testimony presented by both David and Lisa that the child has been provided both medical and dental care while visiting in their home. David and Lisa testified that while Davey visited their home, on one occasion they found an openly visible cavity which they promptly had filled, and all of Davey's dental needs are met while he is in the care of David and Lisa. Further, the child has a medical problem with his penis that stems from the fact that not enough skin was cut during circumcision. This condition requires special attention and care to make sure that the area stays clean. On two occasions after Wendy had dropped Davey off for visitation with his father, Lisa, who is a medical nurse, found the area to be dirty and irritated requiring medical treatment. Lisa testified that she felt that the problem was so severe that it bordered on neglect.
¶ 12. There was also testimony presented that Brian spanked Davey, that Wendy lied about Brian spanking Davey, that Davey was afraid of Brian, that Brian excessively used alcohol, and that Wendy had difficulty balancing work and the children *844 while Brian, who at the time was in the navy, was stationed in Spain. There was also testimony by Brandon's grandmother that Wendy was diagnosed as manic depressive although no medical records were ever submitted. The record in this case contains conflicting testimony, and it is the chancellor who hears the evidence and testimony of the witnesses, and it is in the chancellor's discretion to determine the credibility of the witnesses. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994). The record shows that the chancellor commended the parties in their efforts to work together for the benefit of their child, and in looking at the child's best interest, the chancellor ultimately decided in favor of a change in custody. It is clear from the record that after looking at the totality of the circumstances, there was substantial credible evidence for the chancellor to make a finding that material changes had occurred that adversely affected the child and the best interest of the child would be served by modifying physical custody of the child in favor of the father. Ash, 622 So.2d at 1266. Therefore, we affirm the chancellor's decision to modify custody.

V. THE CHANCERY COURT ERRED WHEN IT SPLIT THE RESIDENCY OF THE TWO SIBLINGS OF APPELLANT AND AWARDED DAVID MICHAEL ANDERSON CUSTODY OF THE MINOR CHILD, WHICH IS NOT IN THE BEST INTERESTS OF EITHER CHILD.
¶ 13. The general rule that it is in the best interests of the children to keep siblings together is not a per se rule, and in any domestic case, the best interest of the child is always the paramount concern. Bowen v. Bowen, 688 So.2d 1374, 1380 (Miss.1997). As previously discussed, we found that there was substantial credible evidence that the chancellor's decision was in the best interest of the child. Therefore, we find this issue to be without merit.
¶ 14. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] This Court would like to comment that the initiation of such actions should be filed by "counterclaim" not a "counter-complaint." See M.R.C.P. 81(f) and Comments to 81(f).